IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,          )
                                   )
                                   )
            vs.                    )          Criminal No. 2020-39
                                   )
                                   )
AKEEM JULIEN,                      )
                                   )
            Defendant.             )
                                   )

## <u>MEMORANDUM OPINION AND ORDER</u>

Akeem Julien seeks to withdraw his guilty plea, entered before this Court on March 3, 2021. [ECFs 119, 133].[1] The United States opposes the motion. [ECF 134]. For the reasons that follow, the Court will deny the motion.

## I.      BACKGROUND

Julien first appeared in this Court on April 24, 2020, pursuant to a criminal complaint charging him with two federal and one local firearm-related charges. [ECF 5 in Case No. 2020-mj-33]. The Court appointed David J. Cattie, Esq., to represent defendant under the Criminal Justice Act. [ECF 7 in Case No. 2020-mj-33]. On October 22, 2020, a grand jury returned an indictment against Julien and three other individuals, charging Julien with multiple counts related to the possession of four firearms on April 8, 2020, including an AK-47 pistol with an obliterated serial number (Count Three). [ECF 12].

---

[1] On May 25, 2021, Julien filed a *pro se* motion "to withdraw [his] plea agreement." [ECF 119]. Among other things, Julien alleged his plea agreement was the product of "subtle threats," coercion by counsel, and "incomprehension" stemming from a lack of "proper counseling." *Id*. Julien's original attorney, David Cattie, Esq., moved to withdraw from the representation [ECF 115] and after a hearing on May 5, 2021, the Court granted the motion, appointing Juan Matos de Juan, Esq. to represent Julien. [ECF 118]. On July 6, 2021, Attorney Matos de Juan filed a "Memorandum in Support of Motion to Withdraw." [ECF 133].

*USA v. Julien*
Crim. No. 2020-39
Page 2

On February 26, 2021, the United States filed a Plea Agreement signed by the government and the defendant [ECF 99]; that same day, Julien moved to schedule a change of plea hearing [ECF 100]. On March 3, 2021, pursuant to Federal Rule of Criminal Procedure 11, Julien consented to appear before the undersigned [ECF 106] and entered a plea of guilty to Count Three of the Indictment, a violation of Title 18, United States Code, Section 922(k).

After cautioning and examining Julien under oath concerning each of the subjects mentioned in Rule 11, the undersigned determined that the guilty plea was made knowingly and voluntarily, and that the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. The undersigned thereafter recommended that the plea of guilty be accepted and that the defendant be adjudged guilty. [ECF 108] ("Report and Recommendation" or "R&R"). On March 19, 2021, without objection by any party, the District Court accepted the R&R, adjudged Julien guilty of Count Three of the Indictment, and set a sentencing date. [ECF 109]. On May 25, 2021, Julien filed the instant motion. [ECF 119].

## II.     LEGAL STANDARDS

The standards for determining whether to permit a defendant to withdraw a guilty plea are well-settled in this Circuit:

> "Once accepted, a guilty plea may not automatically be withdrawn at the defendant's whim." *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001). Instead, a defendant may withdraw a plea of guilty before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). To determine if there has been such a showing, "[a] district court must consider three factors . . . (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). The burden of demonstrating those factors "is substantial" and "falls on the defendant[.]" *Id.* Whether to grant

> a motion to withdraw a guilty plea lies within the discretion of the
> district court. *Id.*

*United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019). Further, "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Brown,* 250 F.3d at 815 (quoting *United States v. Jones,* 979 F.2d 317, 318 (3d Cir. 1992), *superseded by statute on other grounds as stated in*, *United States v. Roberson*, 194 F.3d 408, 417 (3d Cir. 1999))." Moreover, "[a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense." *United States v. Jones*, 336 F.3d 245, 252-53 (3d Cir. 2003) (citing *Brown,* 250 F.3d at 818 (quoting *United States v. Salgado-Ocampo,* 159 F.3d 322, 326 (3d Cir. 1998))). "Once a defendant has pleaded guilty, he 'must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial.'" *Jones*, 336 F.3d at 253 (citation omitted). Additionally, the government need not show that it would be prejudiced if the court allowed the guilty plea to be withdrawn "when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea." *Id*. at 255 (citing *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995)).

Finally, a court may decide a motion to withdraw a guilty plea without conducting an evidentiary hearing "if the record in the proceedings leading to the plea shows compliance with rule 11, or if it shows conclusively that the plea was voluntarily, knowingly and intelligently made. Short of these situations, a hearing is required." *United States v. James*, 2018 U.S. Dist. LEXIS 114998, at *5 (D.V.I. Jul. 11, 2018) (quoting *United States v. Jasper*, 481 F.2d 976, 978-79 (3d Cir. 1973)).

### III.    DISCUSSION

The Court now considers the relevant factors.  Importantly, Julien does not assert he is innocent.  In neither his *pro se* filing nor his counsel's memorandum does a discussion of Julien's innocence anywhere appear, nor does he deny that he committed the acts in question.  Julien's only statements regarding guilt or innocence are found in the plea colloquy where he stated, under oath, that the government could prove the facts it recited against him beyond a reasonable doubt, and where he calmly confirmed he was pleading guilty because he was in fact guilty.  [ECF 134-1] at 10.  Then, when the Court read the charge in Count Three to him and asked for his plea, Julien responded: "Guilty, Your Honor."  *Id*. at 11-12.  Thus, the first factor weighs against allowing withdrawal of Julien's guilty plea.

Julien makes several arguments that address the second factor, his reasons for withdrawing the plea.  In his *pro se* motion, under the headings of "ignorance" and "incomprehension," Julien claims that he was not aware of the charge to which he pled, that he did not understand the rights he was waiving, that he was not aware of the charges being brought, that his attorney did not explain the plea agreement to him, and that he did not know that two of the officers who had been involved in his and his codefendants' arrest had themselves been arrested and charged with drug smuggling.  [ECF 119].  Julien further stresses the latter reason in his memorandum.  [ECF 133] ¶¶ 9-12 (knowing of the charges against the officers "would have substantially weighted in the evaluation of his options," and "would have been the deciding factor that tipped the balance and he would not have pled guilty").

With respect to his claimed ignorance of the charges being brought, the rights waived and the contents of the plea agreement, Julien's contentions are belied by the colloquy undertaken on March 3, 2021 with the undersigned.  After confirming under oath that he has a 12th grade

education and that his first language is English, Julian stated that he had read the plea agreement

and the other documents in the case, that he had reviewed them and the evidence with his attorney,

that he had had sufficient time to do so, and that he was satisfied with the representation that he

had received.  [ECF 134-1] at 4-6.  Further, Julien confirmed that he understood the trial, appellate

and other rights he was giving up by pleading guilty.  *Id*. at 7-8.

Regarding the two officers who, following Julien's arrest, were themselves charged with

crimes, the government asserts that the officers had minimal involvement in this case and would

not be called as witnesses.  The defendant does not offer any facts to contradict the government's

assertions, which are backed up by the officers' contemporaneous reports.[2]   Julien's

unsubstantiated claim that he would have made another choice had he known more thus does not

support a finding that withdrawal of his plea would be "just."

As for Julien's claims of "terror," "subtle threats," and that his attorney "semi forced [him]

to take the plea," each of these is premised on the notion that counsel told Julien he might be

risking "90 plus years of imprisonment" if he went to trial.  [ECF 119] at 1.  Once again, however,

Julien's statement during the March 3, 2021 plea colloquy is inconsistent with his current

arguments.  During the plea colloquy, the undersigned asked: "has anyone made any threats or

promises to you in order to get you to change your plea?"  [ECF 134-1] at 6.  Julien responded:

"No one."  *Id.*  Julien offers no explanation for this inconsistency.  As the Third Circuit has

observed, "a change of mind, or the fear of punishment are not adequate reasons to impose on the

government the expense, difficulty, and risk of trying a defendant who has already acknowledged

his guilt by pleading guilty."  *Brown,* 250 F.3d at 815 (citations omitted)*.*  The Court therefore

---

[2] Those reports, which were produced in discovery, were appended to counsel's *ex parte* motion to withdraw.
[ECF 115-2].

finds that Julien has proffered no adequate reason—let alone a "fair and just reason"—to withdraw his guilty plea.

Finally, Julien argues that he should be allowed to withdraw his guilty plea and go to trial with his co-defendants because "it will not encumber the judicial process." [ECF 133] ¶¶ 13-15. Having found, however, that Julien failed to assert his innocence and failed to meet his burden of showing a sufficient reason to withdraw his plea, the Court need not consider whether the government would suffer prejudice if the plea was withdrawn. *Jones*, 336 F.3d at 255.

Accordingly, the premises considered, it is ORDERED that Julien's motion to withdraw his guilty plea [ECF 119] is DENIED without the need for an evidentiary hearing.

**Dated:** August 11, 2021              S_____
                                        **RUTH MILLER**
                                        United States Magistrate Judge