IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROMEO WALTER; KENAN THOMAS; AKEEM JULIEN; and NIJOHNTEA WALKER,<br><br>Defendants. | Crim. Case No. 20-39 |

## UNITED STATES' MOTION TO FILE A CONSOLIDATED OPPOSITION TO THE MOTIONS TO DISMISS

The United States of America, through Delia L. Smith, United States Attorney for the District of the Virgin Islands, and the undersigned Assistant United States Attorney, hereby files this motion to file a consolidated opposition to the motions to dismiss docketed at ECF Numbers 179 and 180.

Romeo Walter and Kenan Thomas are charged in the indictment with several local and federal firearms charges. They have both filed motions to dismiss. In Thomas's motion, he contends that, pursuant to the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), prohibitions on possession of firearms by felons, in school zones, or with obliterated serial numbers, violate the Second Amendment. ECF No. 179, at 1-2. On that basis, he seeks dismissal of all charges against him. In Walter's motion, he adopts Thomas's motion to dismiss, and raises a new argument: all the Virgin Islands charges must be dismissed because the Virgin Islands firearms licensing scheme is unconstitutional. ECF No. 180, at 1-14.

The Government requests that the Court permit it to filed one consolidated 40-page

opposition, rather than two separate 20-page oppositions for several reasons. First, while different arguments are raised in the two briefs, there is substantial overlap, and a consolidated opposition will permit the Government to more efficiently respond to the issues raised.

Second, if the Court were to deny the Government's motion to file a consolidated brief, the Government would need to request leave to file excess pages. As Thomas noted, the Government bears the burden of showing that any regulation that falls within the plain text of the Second Amendment is supported by a historical analogue. Indeed, Thomas rests on that burden, discussing extensively the reasons he believes that prohibitions on possession of firearms by felons are not historically supported, without engaging in any historical analysis of the school zone or obliterated serial number prohibition. And, while only addressing the felon prohibition, the defendant still presented 20 pages of argument. The Government, unlike the defendant, must address all the challenged prohibitions and it would be difficult to do so appropriately, while remaining within the 20-page limit, in light of the novel issues raised.[1]

Thus, to appropriately address the numerous novel constitutional issues raised by Thomas and Walter in their two motions to dismiss, the Government respectfully requests that the Court permit it to file one 40-page consolidated opposition to the motions to dismiss, rather than two 20-page oppositions.

---

[1] The Government notes, however, that it does not necessarily concede that the challenged prohibitions fall within the Second Amendment, separate and aside from whether they are historically supported.

|  |  | DELIA L. SMITH<br>UNITED STATES ATTORNEY |
|---|---|---|
| Dated: November 8, 2022 | By: | _s/ Adam Sleeper_<br>Adam Sleeper<br>Appellate Chief<br>United States Attorney's Office<br>District of the Virgin Islands<br>5500 Veterans Drive, Suite 260<br>St. Thomas, Virgin Islands 00802<br>Telephone: (340) 774-5757<br>Adam.Sleeper@usdoj.gov |